UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| HUBERT C. LUNSFORD | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-25 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

## **MEMORANDUM OPINION**

The plaintiff Hubert C. Lunsford has filed a motion for summary judgment on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying his application for supplemental security income under the Social Security Act. The defendant has also filed a motion for summary judgment.

Mr. Lunsford was born in 1950 and was 53 years old at the time of his most recent administrative hearing.[1] [Tr. 69, 299]. He completed his General Education Development [GED] degree and has relevant past work experience as a laborer and delivery driver. [Tr. 212, 303]. Mr. Lunsford alleges he is disabled as of June 15, 1993, from back pain, leg pain, asthma, arthritis, bilateral tendonitis, and paraspinal

---

[1] This case is on remand from this court's July 22, 2003, order demanding an independent orthopedic examination of Mr. Lunsford and, if necessary, additional vocational expert testimony. [Tr. 240].

spasms. [Tr. 212]. Based upon a finding that his severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Mr. Lunsford was not disabled as defined by the Social Security Act. [Tr. 215].

At Mr. Lunsford's most recent administrative hearing held on May 19, 2004, the testimony of Mr. Lunsford and vocational expert Dr. Norman Hankins was received into evidence. [Tr. 299-319]. Mr. Lunsford testified he last worked steadily in August 1990 as a shoveler. [Tr. 300]. Prior to that employment, he worked as a truck driver, rigger, and road paver. [Tr. 301-02]. He was injured on the job in 1990 and in a car accident in 1992. [Tr. 283, 304]. Mr. Lunsford testified his biggest medical problems were in his back and legs. [Tr. 305]. His back continuously hurts and his legs often collapse from underneath him. [*Id.*]. He also suffers from tennis elbow, muscle spasms in his back, a lazy left eye, and asthma. [Tr. 305, 308, 312-14]. Mr. Lunsford occasionally helps his wife with housework, and he tries to perform some outside chores. [Tr. 309].

Vocational expert Dr. Hankins testified next. [Tr. 314-19]. According to Dr. Hankins, Mr. Lunsford's past relevant work ranged from unskilled, medium to skilled, medium. [Tr. 316]. The ALJ then asked the vocational expert to consider a person of Mr. Lunsford's age, education, and past relevant work who has the exertional limitations of lifting/carrying 30 pounds occasionally and 15 pounds frequently.

2

[*Id*.]. According to the vocational expert, such a person could perform light/medium work as a cashier, gate guard, night watchman, officer cleaner, flagger, greeter, dispatcher, and deliverer. [Tr. 317]. The ALJ then asked him to consider the above limitations plus a stipulation that the person could not work an eight-hour work day. [Tr. 318]. The vocational expert testified such a person could only work at a less than sedentary position. [*Id*.]. Finally, the vocational expert was asked to consider the above limitations along with the credible testimony of Mr. Lunsford. [*Id*.]. Dr. Hankins indicated such a person would be unable to work. [Tr. 319].

The ALJ ruled that Mr. Lunsford was not disabled because his severe impairments of chronic low back and lower extremity pain syndrome were not severe enough for a finding of disability. [Tr. 215]. The ALJ then restricted Mr. Lunsford to a residual functional capacity [RFC] of medium to light work with limitations of lifting/carrying up to 15 pounds frequently and 30 pounds occasionally, unlimited standing, walking, and sitting, and limited reaching. [Tr. 216]. With those restrictions, the ALJ found Mr. Lunsford could perform work as a cashier, gate guard, night watchman, office cleaner, flagger, greeter, dispatcher, and delivery person. [Tr. 216-17].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the

3

record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Lunsford requests summary judgment and contends the ALJ erred in his weighing of the medical evidence. He claims the ALJ incorrectly found that Dr. Uzzle believed he could perform medium work. Dr. Uzzle examined Mr. Lunsford following this court's 2003 remand. [Tr. 283-92]. He determined Mr. Lunsford could lift/carry up to 15 pounds frequently and 30 pounds occasionally, was unlimited in his standing, walking, and sitting, and was limited in his ability to handle objects. [Tr. 290-92]. The ALJ did incorrectly state that "Dr. Uzzle found that [Mr. Lunsford] was capable of medium work." [Tr. 216]. However, because the RFC ultimately determined by the ALJ was for medium to light work, the ALJ's misstatement in his decision was harmless error.

Mr. Lunsford also claims the ALJ failed to follow the treating physician rule

4

in his consideration of the opinions of Dr. Steven Cook. Under Sixth Circuit law, the ALJ is permitted to give great weight to the opinions of a treating physician when determining if a disability exists. See *Walker v. Secretary*, 980 F.2d 1066, 1070 (6th Cir. 1992). However, the ALJ is not bound by this rule if the physician's opinion conflicts with other substantial evidence and is not supported by medically acceptable clinical and laboratory diagnostic techniques. See 20 C.F.R. § 404.1527 (d)(2).

Dr. Cook stated in a March 2002 letter that he had been Mr. Lunsford's treating physician for about five years, and Mr. Lunsford suffered from degenerative osteoarthritis and chronic paraspinal muscle spasms. [Tr. 207]. According to the doctor, it was his opinion "that Mr. Lunsford is now disabled and has been disabled for many years. His condition is very painful." [*Id.*]. Dr. Cook believed Mr. Lunsford could not lift more than 10 pounds at a time and it was doubtful he could lift anything on a frequent or occasional basis. [*Id.*]. Mr. Lunsford was restricted from climbing, balancing, stooping, crouching, kneeling, or crawling. [*Id.*]. According to the ALJ, Dr. Cook's opinion was "not based upon objective medical findings but upon the claimant's subjective complaints. X-ray and MRI findings do not support this and neither does [*sic*] the opinions of other physicians." [Tr. 216]. The x-ray findings referenced by the ALJ from March 2002 showed minimal lumbar spondylosis. [Tr. 282] And, the MRI findings from July 2003 showed no evidence

5

of a "herniated nucleus pulposus or significant spinal/foraminal stenosis" but did show evidence of "facet joint arthropathy at multiple levels" of the spine. [Tr. 281]. However, as this court noted in its July 2003 memorandum opinion, it is not true that Dr. Cook's assessment was "based upon objective medical findings but rather on Mr. Lunsford's subjective complaints." [Tr. 239]. This court then noted that Mr. Lunsford's paraspinal muscle spasms were observed at "almost every one of Mr. Lunsford's monthly visits for a period of over five years." [Tr. 240].

While the ALJ did not hold true again to the Sixth Circuit's treating physician rule, this error was harmless. This court does not see the need to remand the case for additional independent orthopedic examinations because it has before it the evaluation of Dr. Uzzle upon the 2003 remand. According to Dr. Uzzle, Mr. Lunsford could lift/carry up to 15 pounds frequently and 30 pounds occasionally, was unlimited in his standing, walking, and sitting, and was limited in his ability to handle objects. [Tr. 290-92]. The court accepts this determination.

Next, Mr. Lunsford argues the ALJ improperly relied upon medical evidence not in the record, specifically the reports of Drs. Gary Welliver and Wes Hanson and a 1992 referral to Dr. Karl Konrad. The defendant claims in the memorandum in support of her motion for summary judgment that a supplemental certified transcript containing the above-mentioned reports has been filed with this court. This court,

6

however, has received no such transcript. While this court again finds that the ALJ's reliance on these documents was an inappropriate error, this court also finds the error to be a harmless one. The documents in question are over 10 years old, and the ALJ also cited much more recent evidence in his decision. This court believes that notwithstanding those documents, the ALJ's decision would have been the same.

Mr. Lunsford also contends the ALJ erroneously relied on an incomplete hypothetical question asked of the vocational expert. Specifically, Mr. Lunsford complains the ALJ did not include in the hypothetical question the non-exertional limitations listed by Dr. Uzzle. While it is accurate to state the ALJ did not include the non-exertional limitations of only occasional climbing, stooping, kneeling, balancing, crouching, and crawling in his hypothetical, the jobs the vocational expert indicated Mr. Lunsford could perform accommodated these limitations, per the *Dictionary of Occupational Titles*.

Finally, Mr. Lunsford claims the ALJ erred in applying the medical-vocational guidelines when Mr. Lunsford had non-exertional limitations. Social Security Ruling 83-14, however, clearly states that the medical-vocational guidelines can be used as a framework for decision-making, along with testimony from a vocational expert, when a claimant has non-exertional limitations. Given that Ruling, the ALJ did not err in applying the guidelines.

7

Case 2:05-cv-00025   Document 12   Filed 01/25/06   Page 7 of 8   PageID #: 7

After careful consideration of the entire record of proceedings related to this case, Mr. Lunsford's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

                                                 s/Thomas Gray Hull
                                                 THOMAS GRAY HULL
                                                    SENIOR U. S. DISTRICT JUDGE